**FOR PUBLICATION**

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |
|---|---|
| **FRIENDS OF CORAL BAY, ELEANOR GIBNEY, DAVID GROVE, and RICHARD SULLIVAN,**<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>**RELIANCE HOUSING FOUNDATION, INC, and RELIANCE-CALABASH BOOM ASSOCIATES, LLP,**<br><br>　　　　　　Defendants. | Civil No. 2007-20 |

**Attorneys:**

**Alan Smith, Esq,**
St. Thomas, U.S.V.I.
　　*For the plaintiffs,*

**Treston Moore, Esq.**
St. Thomas, U.S.V.I.
　　*For the defendants.*

## MEMORANDUM OPINION

　　This matter is before the Court after a hearing on a motion for a preliminary injunction, which was consolidated with a trial on the merits. After receiving testimony and hearing arguments, the Court finds in favor of defendants Reliance Housing Foundation, Inc. and Reliance-Calabash Boom Associates, LLP (collectively "Reliance").

*Friends of Coral Bay, et al. v. Reliance Housing Foundation, Inc., et al.*
Civil Number 2007-20
Memorandum Opinion
Page 2

## I. FACTS AND PROCEDURAL HISTORY[1]

This action stems from the construction of a housing community (the "Project") at Calabash Boom near Johnson's Bay on St. John, U.S. Virgin Islands. Johnson's Bay is one of the smaller bays that make up Coral Bay at the east end of St. John.

On February 28, 2006, the Chairman of the St. John Coastal Zone Management Committee signed a permit for the Project (the "CZM Permit"). The CZM Permit allowed for the development and construction of a residential community that is designed to accommodate seventy-two housing units for low- to medium-income families.

Reliance began construction on the Project on January 2, 2007. Thereafter, Friends of Coral Bay ("Friends"), Eleanor Gibney, David Grove, and Richard Sullivan (collectively with Friends, the "Plaintiffs") filed a three-count complaint against Reliance seeking declaratory and injunctive relief, civil penalties under V.I. CODE ANN. tit. 12, § 913(c), and revocation of the CZM Permit. In Count One, the Plaintiffs allege that Reliance violated the Endangered Species Act ("ESA"). The Plaintiffs claim that Reliance has engaged in the "taking" of endangered or threatened species without the requisite permit.

---

[1] This section comprises the Court's findings of fact after a bench trial pursuant to Rule 52(a)(1) of the Federal Rules of Civil Procedure.

*Friends of Coral Bay, et al. v. Reliance Housing Foundation, Inc., et al.*
Civil Number 2007-20
Memorandum Opinion
Page 3

In Count Two, the Plaintiffs allege that Reliance violated the Virgin Islands Coastal Zone Management Act ("CZM Act") by failing to obtain certain permits before commencing construction on the Project. Similarly, in Count Three, the Plaintiffs allege that Reliance violated the Virgin Islands Clean Water Act ("VICWA") by failing to obtain the appropriate permits.

The complaint was followed by an application for a temporary restraining order ("TRO") and a preliminary injunction. On January 26, 2007, this Court issued a TRO halting further construction on the Project due to Reliance's failure to obtain a Virgin Islands Clean Water Act ("VICWA") permit, as alleged by Friends. The TRO was extended for ten additional days on February 12, 2007.

On February 27, 2007, this matter came on for a hearing on the preliminary injunction, which was consolidated with a trial on the merits. At trial, one witness, Dr. Gary Ray testified on behalf of the Plaintiffs. Dr. Ray was offered and qualified as an expert in the field of botany and terrestrial ecology.

At the close of trial, Reliance verbally moved to dismiss on the ground that the Plaintiffs failed to introduce testimony at trial regarding their standing to bring this suit.[2] Reliance

---

[2] Reliance previously raised the issue of standing in arguments at the hearing on the Plaintiffs' application for a temporary restraining order.

*Friends of Coral Bay, et al. v. Reliance Housing Foundation, Inc., et al.*
Civil Number 2007-20
Memorandum Opinion
Page 4

also argued that the Plaintiffs failed to introduce evidence of any endangered species or evidence that Reliance did not obtain the required permits.

## II. DISCUSSION

Pursuant to Article III of the United States Constitution, this Court can only exercise jurisdiction over cases or controversies arising under the laws of the United States. *See* U.S. CONST. art. III, § 2. To qualify as a "case or controversy," a cause of action "must be definite and concrete, touching on the legal relations of parties having adverse legal interests." *Joint Stock Society v. UDV North Am., Inc.*, 53 F. Supp. 2d 692, 701 (D. Del. 1999) (quoting *Aetna Life Ins. Co. of Hartford v. Haworth*, 300 U.S. 227, 240 (1937)). Standing is at the core of the case or controversy requirement. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (noting that "the core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III").

Standing requires satisfaction of three elements. First, the plaintiff must prove injury-in-fact. *Id*. Injury-in-fact is defined as an invasion of a legally protected interest that is concrete and particularized and actual or imminent. *Id*. Second, the plaintiff must show a causal connection between the injury and the conduct complained of. *Simon v. Easter Ky. Welfare Rights*

*Friends of Coral Bay, et al. v. Reliance Housing Foundation, Inc., et al.*
Civil Number 2007-20
Memorandum Opinion
Page 5

*Org.*, 426 U.S. 26, 41-42 (1976) (stating that the injury must be "fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court"). Third, it must be likely that the injury will be "redressed by a favorable decision." *Id*. at 38.

"The party invoking federal jurisdiction bears the burden of establishing these elements."  *Lujan*, 504 U.S. at 561.  The elements of standing are not mere pleading requirements.  Rather, "each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." *Id.*

### III. ANALYSIS

At trial, the Plaintiffs were required to introduce evidence establishing an injury-in-fact.  The Plaintiffs argue that the declarations of David Grove, an individual plaintiff, and Donald Near, Bruce Schoonover, and Stephen Cottrell, members of Friends,

*Friends of Coral Bay, et al. v. Reliance Housing Foundation, Inc., et al.*
Civil Number 2007-20
Memorandum Opinion
Page 6

satisfy the standing requirement.[3]  These declarations were filed with the Court the day before trial.  Significantly, the Plaintiffs did not introduce these declarations as evidence at trial.

Evidence of an injury-in-fact is an important part of a plaintiff's case, and if controverted, must be "supported adequately by the evidence adduced at trial." *See Lujan*, 504 U.S. at 561 (quoting *Gladstone, Realtors v. Village of Bellwood*, 441 U.S. 91, 115, n.31 (1979)).  The Plaintiffs' failure to introduce any such evidence at trial was fatal to their claims. *See, e.g., Citizens Concerned for Separation of Church and State v. City and County of Denver*, 628 F.2d 1289, 1301 (10th Cir. 1980)

---

[3] The Plaintiffs specifically stated at closing arguments:

THE COURT: Atty. Dougherty?

MR. DOUGHERTY: Your Honor, I will start with the jurisdictional matters.  Regarding standing to sue, yesterday, plaintiffs filed with the court declarations from at least four perhaps five plaintiffs and members of plaintiff Friends of Coral Bay, demonstrating that they do in fact have the requisite interest in this project.  That these individuals described how they enjoy the bay and that they visually or for recreational matters - and that's very much part of the reason why they live here, why they purchased property here, and that if this project goes through in an illegal fashion it would be adverse to their interests.  If this court choose judgment, it will redress that harm.  So, I think that matter has been covered adequately.

Audio: Consolidated Trial on the Merits (Feb. 27, 2007)(on file with the Court).

*Friends of Coral Bay, et al. v. Reliance Housing Foundation, Inc., et al.*
Civil Number 2007-20
Memorandum Opinion
Page 7

(dismissing appeal where plaintiffs failed to present adequate proof to support standing allegations at consolidated hearing on the merits).

Moreover, even if the declarations had been submitted during trial, they would be insufficient to establish standing. Although each declaration indicated an aesthetic or recreational interest in Coral Bay, none of the declarations state that any of the declarants have been adversely affected by the challenged conduct of Reliance. These declarations are therefore insufficient to establish standing. *See, e.g., The Wilderness Soc. v. Norton*, 434 F.3d 584, 590 (D.C. Cir. 2006) (finding that declarations submitted by the plaintiff, although stating an aesthetic and recreational interest, were insufficient to establish standing where they did not demonstrate particularized and concrete injuries). As such, Friends have failed to prove standing to sustain this action.

"[P]reliminary injunctions are extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." *In re Microsoft Corp. Antitrust Litig.*, 333 F.3d 517, 524 (4th Cir. 2003); *see also United States v. Consolidated Foods Corp.*, 455 F. Supp. 142, 145 (E.D. Pa. 1978) ("A complaint seeking an injunction asks for an extraordinary remedy."); *see also O'Neill v. Louisiana*, 61 F.

*Friends of Coral Bay, et al. v. Reliance Housing Foundation, Inc., et al.*
Civil Number 2007-20
Memorandum Opinion
Page 8

Supp. 2d 485, 491 (E.D. La. 1998) ("Courts view the preliminary injunction as an extraordinary remedy, available only after the movant 'by a clear showing, carries a burden of persuasion.'").

It seems to the Court that the Plaintiffs in this case were not appreciative of the serious nature of injunctive relief. Notwithstanding the nature of the relief sought, the Court was met with a lack of enthusiasm from the Plaintiffs. For instance, the Plaintiffs initially filed a motion to continue the trial. On the morning of trial, however, they withdrew their motion to continue and proceeded with the trial. The Plaintiffs called one witness and rested. During closing arguments, and in response to Reliance's motion to dismiss for lack of standing, Friends indicated to the Court that the declarations would suffice. At that time, the Plaintiffs were aware of their burden, but did not move to reopen the case to introduce that testimony.

On February 28, 2007, the Court held a status conference to discuss reopening the case to allow the Plaintiffs to supplement the trial record. The Plaintiffs wished to introduce, as part of their case-in-chief, the deposition testimony of their proposed expert, Dr. Barry Devine. Dr. Devine is a marine biologist who specializes in the study of terrestrial and land use impacts on marine ecosystems. At no time during this conference did the Plaintiffs request that the Court allow them to supplement the

*Friends of Coral Bay, et al. v. Reliance Housing Foundation, Inc., et al.*
Civil Number 2007-20
Memorandum Opinion
Page 9

record with testimony on standing. On March 7, 2007, one week after both parties rested and the Court heard closing arguments, Friends filed a motion to reopen and supplement the record at trial with testimony of its own members regarding standing.

The reopening of a case is a matter within the sound discretion of the Court. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 331 (1971) (noting that "a motion to reopen to submit additional proof is addressed to the [court's] sound discretion"). The Court "consider[s] a motion to take additional testimony in light of all the surrounding circumstances and grant or deny it in the interest of fairness and substantial justice." *Skehan v. Bd. of Trs. of Bloomsburg State Coll.*, 590 F.2d 470, 478 (3d Cir. 1978). In determining whether to reopen a case, courts consider whether a party has shown diligence in procuring a witness. *See, e.g., Reconstruction Fin. Corp. v. Commercial Union of America Corp.*, 123 F. Supp. 748, 749 (S.D.N.Y. 1954) ("Where a party has not shown diligence in procuring a witness, the reopening of the case may be denied."). The Court also considers the timing of the motion, the nature of the additional testimony, and the potential for prejudice in granting or denying the motion. *Joseph v. Terminix Intern. Co.*, 17 F.3d 1282, 1285 (10th Cir. 1994).

*Friends of Coral Bay, et al. v. Reliance Housing Foundation, Inc., et al.*
Civil Number 2007-20
Memorandum Opinion
Page 10

The testimony of the individual members who comprised Friends could have been presented at the time of trial. Certainly, those individuals were known and available to the Plaintiffs at trial, at closing arguments, and at the status conference the next day. Yet Friends elected not to present those witnesses. Moreover, Friends have not asserted any reason to this Court why they were unable to offer this testimony at trial. Their lack of diligence weighs against reopening this case. *See e.g.*, *Bell Tel. Labs., Inc. v. Hughes Aircraft Co.*, 73 F.R.D. 16, 20 (D. Del. 1976) (noting that a party ordinarily "will not be permitted to reopen a case for the purpose of introducing evidence to meet the issues raised at trial, when that evidence was available and known to the party at the time of trial"); *see also Dow Chemical Pacific Ltd. v. Rascator Maritime S.A.*, 782 F.2d 329, 342 (2d Cir. 1986) (holding that district court did not abuse its discretion in denying the defendant's motion to reopen to take his testimony where the defendant failed to provide a reason why he failed to attend the trial).

Indeed, the proffered testimony is not newly discovered. Accordingly, the Plaintiffs' failure to present in a timely manner does not favor reopening the case. *See, e.g., Patterson v. Nat'l Life & Acc. Ins. Co.*, 183 F.2d 745, 748 (6th Cir. 1950)

*Friends of Coral Bay, et al. v. Reliance Housing Foundation, Inc., et al.*
Civil Number 2007-20
Memorandum Opinion
Page 11

(affirming denial of motion to reopen where the evidence being offered was not newly discovered evidence).

Reopening this case to allow the Plaintiffs to introduce evidence that was available to them at trial would also disrupt the need for the prompt and efficient handling of litigation in federal courts. *See Bell Tel. Labs., Inc.*, 73 F.R.D. at 20 (considering a motion to reopen and noting that the Federal Rules should be "administered to secure the just, speedy, and inexpensive determination of each action").

Essentially, the Plaintiffs seek to have two bites of the apple when they are entitled to only one. Indeed, since the hearing on the merits in this case, the Plaintiffs also filed a motion for leave to file a second amended complaint, a motion for summary judgment, and another motion for a temporary restraining order and preliminary injunction. These motions are only an attempt to reopen their case. The Plaintiffs have failed to meet their burden in showing due diligence, and as such, their motions will be denied.

## IV. CONCLUSION

Friends have failed to establish standing at trial. Accordingly, Friends' claim for injunctive relief will be denied and the matter will be dismissed. An appropriate judgment will follow.